THE FIRST NATIONAL BANK OF WHITEHALL, RESPONDENT, v. THE WHITEHALL TRANSPORTATION COMPANY, APPELLANT.

*Execution — levy under — when a preference is acquired by.*

Property of the defendant having been levied upon under executions, issued upon judgments recovered against it by the plaintiff and another, the same was, by an order of the court, made on April twenty-third, 1878, directed to be sold under the said executions, subject to the approval of the court. The property was sold April twenty-ninth, and was purchased by the plaintiff, at a price in excess of the amount due on all the judgments. No money was paid, but a bond was given conditioned that the purchaser would bring the money into court, or pay the same over as the court might direct. On May fourteenth the sale was approved by the court. Prior thereto and on May fourth the plaintiff recovered another judgment against the defendant, exceeding in amount the surplus which had arisen on the sale, and on that day issued an execution to the same sheriff. July sixteenth, 1878, the appellant was appointed receiver of the defendant, and thereafter applied to have the surplus paid over to him.

*Held*, that this application was properly denied, and that the plaintiff was entitled to have it applied upon his judgment of May fourth.

APPEAL from an order made at a Special Term, denying the motion of the receiver of the defendant for an order for the payment to him of certain surplus moneys.

On the 18th of March, 1878, the First National Bank of Whitehall, the plaintiff, recovered judgment against the defendant for the sum of $18,148.58. On the same day one Griswold, recovered judgment against the defendant for the sum of $8,055.47. On the 27th March, 1878, each of said parties recovered another judgment against the defendant, the former for the sum of $6,737.90, the latter for the sum of $3,038.81. Executions were issued upon each of said judgments to the sheriff of the proper county, and the property of the defendant was duly levied upon under such executions and advertised for sale. The sale of the defendant's property upon such executions was restrained by injunction orders, granted upon *ex parte* applications of another alleged creditor of the defendant.

April 23, 1878, the court at Special Term made an order that the property of the defendant be sold in bulk under the four executions, and the proceeds thereof be brought into court to

await its further orders; the sale to be subject to the approval of the court.   Such sale was had on the 29th and 30th days of April, 1878, and resulted in the property of the defendant being struck down to the said First National Bank of Whitehall for the sum of $43,364.

The property was not, nor was a bill of sale thereof delivered to the purchasers until after the 14th day of May, 1878, upon which day such sale was duly approved and confirmed by the court. No money was paid, but a bond was given and delivered conditioned that the purchaser would pay the money into court, or to such person as the court might direct.

Before this property or a bill of sale thereof had been delivered, or said bond given, and on the 4th of May, 1878, the plaintiff, the First National Bank of Whitehall, recovered another judgment against the defendant for the sum of $6,550.57, and on the same day an execution upon such judgment was delivered to the same sheriff who had the former executions and the defendant's property under his control.   On the 16th of July, 1878, the appellant was appointed receiver of the defendant's property and entered upon the discharge of his duties, and, as such receiver, claims to be entitled to the surplus fund remaining after satisfying the first four judgments and executions aforesaid.   This fund was also claimed by the said First National Bank of Whitehall, by virtue of its judgment and execution of the 4th day of May, 1878. The receiver moved, at a Special Term of this court, for an order directing the payment of such surplus fund to him, which motion was heard by Justice LANDON, who made the former orders, and was denied, and the receiver appealed.

*Tanner & Potter*, for the appellant.

*James Spencer*, for the respondent.

LEARNED, P. J.:

I think that this matter was disposed of properly by the learned justice.

The sheriff had sold the property by virtue of executions, and under a special order of the court, which made the sale subject to approval.   At the time when the execution on the judgment now

in question came into the sheriff's hands, the sale had not been approved. On the sale, the sheriff had taken, not cash, but a bond conditioned to bring the money into court, or to pay the money to such persons as the court should direct.

If, then, we consider the property as still, in a certain sense, belonging to the defendant in the execution, it was bound by the execution. If we consider the money to have been constructively in the sheriff's hands, then it should be applied on the execution.

And, if the rights of parties are determined by the form of the bond, that says that the money shall be paid to such persons as the court shall direct. And it seems just that it should be paid to the party whose diligence had procured and issued an execution before the receiver was appointed.

Order affirmed, with ten dollars costs of printing disbursements.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Ordered accordingly.